UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FORBES W. CURRY,

                Petitioner,

      v.

WILLIAM P. BARR, United States
Attorney General, et al.,

                Respondents.

**DECISION AND ORDER**

6:20-CV-06292 EAW

## INTRODUCTION

*Pro se* petitioner Forbes W. Curry ("Petitioner"), an immigration detainee currently detained at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner argues that his continued detention is unconstitutional and seeks immediate release or, in the alternative, a bond hearing. (*Id.* at 19). For the reasons that follow, the Court denies and dismisses the Petition.

## BACKGROUND

Petitioner is a native and citizen of Turks and Caicos Islands. (Dkt. 3-1 at ¶ 5). Petitioner entered the United States at Port Everglades, Florida, on or about April 4, 1983, on a B-2 visitor visa.[1] (*Id.*). On or about August 28, 1996, Petitioner's immigration status

---

[1] B-2 visitor visas are nonimmigrant visas for persons who want to enter the United States temporarily for tourism. *Visitor Visa*, Bureau of Consular Affairs, U.S. Dep't of

was adjusted to that of lawful permanent resident. (*Id.* at ¶ 6). On or about September 21, 1996, Petitioner was arrested and charged with criminal sale of a controlled substance in the third degree, to which Petitioner pleaded guilty on April 10, 1997. (*Id.* at ¶¶ 7, 8). Petitioner was sentenced to five years of probation and his driver's license was suspended for six months. (*Id.* at ¶ 8).

On March 28, 2012, DHS officers arrested Petitioner outside his residence pursuant to a Warrant of Arrest of Alien. (*Id.* at ¶ 9). Petitioner was placed in immigration removal proceedings by a Notice to Appear dated May 17, 2011, charging him as removable pursuant to: Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), as a nonimmigrant who, at any time after admission, has been convicted of a violation (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act ("CSA"), 21 U.S.C. § 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana; and INA § 237(a)(2)(iii), as a nonimmigrant who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), an offense relating to the illicit trafficking of a controlled substance. (*Id.*). Petitioner was released on an Order of Recognizance. (*Id.*).

On July 12, 2012, Petitioner appeared for an initial master calendar hearing before an Immigration Judge ("IJ"). (*Id.* at ¶ 10). The proceeding was adjourned to allow

---

State, https://travel.state.gov/content/travel/en/us-visas/tourism-visit/visitor.html (last visited July 13, 2020).

Petitioner an opportunity to seek legal representation. (*Id.*). The proceedings were then adjourned on January 24 and July 11, 2013, and January 23, 2014, to allow Petitioner time to seek legal representation. (*Id.* at ¶¶ 11-13). On or about June 4, 2014, Petitioner was arrested and charged with criminal possession of a controlled substance in the third degree with intent to sell and criminal possession of a controlled substance in the fifth degree. (*Id.* at ¶ 14). On June 26, 2014, Petitioner appeared, with counsel, for a master calendar hearing before an IJ. (*Id.* at ¶ 15). The hearing was adjourned until January 15, 2015, to allow Petitioner additional time to prepare. (*Id.*; Dkt. 3-4 at ¶ 7). At Petitioner's request, the January 15, 2015, hearing was adjourned until July 16, 2015. (Dkt. 3-1 at ¶ 16). On February 24, 2015, Petitioner pleaded guilty to disorderly conduct and the drug charges were dismissed. (*Id.* at ¶ 17).

On July 16, 2015, Petitioner appeared, with counsel, for a master calendar hearing before an IJ. (*Id.* at ¶ 18). The proceedings were continued until August 29, 2017, for an individual merits hearing. (*Id.*; Dkt. 3-4 at ¶ 9). On or about June 11, 2016, Petitioner was arrested and charged with criminal possession of a controlled substance in the fourth degree and loitering – unlawful use of a controlled substance. (Dkt. 3-1 at ¶ 19). On or about July 28, 2016, Petitioner was arrested and charged with criminal possession of a controlled substance in the seventh degree. (*Id.* at ¶ 20).

On or about August 3, 2016, Petitioner was arrested and charged with: criminal possession of a controlled substance in the third degree with intent to sell; two counts of criminal possession of a controlled substance in the fourth degree; criminal possession of a weapon in the third degree; previous conviction in violation of N.Y. Penal Law

§ 265.02(1); and criminal possession of a controlled substance in the fifth degree with intent to sell. (*Id.* at ¶ 21). On or about July 14, 2017, Petitioner pleaded guilty to criminal possession of a controlled substance in the fourth degree, in addition to charges stemming from his August 3, 2016, arrest (*id.* at ¶¶ 21-22), and was sentenced to time served (one year) (*id.* at ¶ 22).

On August 29, 2017, Petitioner failed to appear in Immigration Court for a hearing. (*Id.* at ¶ 23). The proceedings were adjourned until June 5, 2018, and were further adjourned until March 29, 2019. (*Id.*). On September 28, 2017, DHS lodged Additional Charges of Inadmissibility/Deportability against Petitioner, charging him as removable pursuant to INA § 237(a)(2)(B)(i), as a nonimmigrant, who, at any time after admission, had been convicted of a violation (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the CSA, 21 U.S.C. § 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana. (*Id.* at ¶ 24).

On or about August 14, 2018, Petitioner was arrested and charged with: criminal possession of a controlled substance in the third degree with intent to sell; criminal possession of a controlled substance in the fourth degree; criminal possession of a weapon in the third degree; previous conviction in violation of N.Y. Penal Law § 265.02(3); and criminal use of drug paraphernalia in the second degree. (*Id.* at ¶ 25). On or about November 20, 2018, Petitioner pleaded guilty to these charges, with the exception of previous conviction in violation of N.Y. Penal Law § 265.02(3). (*See id.* at ¶ 26). Plaintiff

was sentenced to a term of imprisonment of three years and a term of post-release parole supervision of three years.  (*Id.*).

On March 18, 2019, Petitioner was placed in DHS custody after being released from New York State Department of Corrections and Community Supervision.  (*Id.* at ¶ 27).  DHS served Petitioner with a Notice of Custody Determination, which notified Petitioner that he would be detained pending a final administrative determination of his case.  (*Id.* at ¶ 28).  Petitioner requested that an IJ review the custody determination.  (*Id.*).  On April 8, 2019, Petitioner appeared, with counsel, for a bond hearing before an IJ.  (*Id.* at ¶ 29).  The IJ denied Petitioner's request for bond as moot.  (*Id.*).  On May 6, 2019, Petitioner appeared, with counsel, for a master calendar hearing and a bond hearing before an IJ.  (*Id.* at ¶ 30).  DHS requested additional time to prepare and the master calendar hearing was adjourned until May 20, 2019, and Petitioner's bond request was denied as moot.  (*Id.*; Dkt. 3-4 at ¶ 15).

On May 20, 2019, Petitioner appeared, with counsel, before an IJ.  (Dkt. 3-1 at ¶ 31).  To allow Petitioner time to prepare, the hearing was adjourned until July 8, 2019, and Petitioner's bond request was denied as moot.  (*Id.*; Dkt. 3-4 at ¶ 16).  On July 8, 2019, Petitioner appeared, with counsel, before an IJ for a master calendar hearing.  (Dkt. 3-1 at ¶ 32).  To allow Petitioner additional time to prepare, the master calendar hearing was adjourned until July 30, 2019, Petitioner's bond request was denied as moot, and the proceedings were further adjourned until August 9, 2019.  (*Id.*).  On August 9, 2019, Petitioner appeared before an IJ for a master calendar hearing.  (*Id.* at ¶ 33).  The hearing was rescheduled for September 25, 2019, due to Petitioner's counsel's failure to appear.

(*Id.*).  On September 25, 2019, the proceedings were adjourned until October 15, 2019, again due to Petitioner's counsel's failure to appear.  (*Id.* at ¶ 34).

On October 15, 2019, Petitioner appeared, with counsel, for an individual hearing before an IJ.  (*Id.* at ¶ 35).  Petitioner requested additional time to prepare and the hearing was adjourned until November 25, 2019.  (*Id.*; Dkt. 3-4 at ¶ 20).  On November 25, 2019, Petitioner appeared for a master calendar hearing.  (Dkt. 3-1 at ¶ 36).  The hearing was continued until March 17, 2020, for an individual merits hearing.  (*Id.*).  On February 3, 2020, Petitioner's counsel filed a motion for continuance of the March 17, 2020, hearing date, which was granted by an IJ.  (*Id.* at ¶ 37).  Due to closure of the Immigration Court, the hearing was further adjourned until April 16, 2020.  (*Id.*).

On April 16, 2020, Petitioner appeared, with counsel, for an individual merits hearing.  (*Id.* at ¶ 38).  Petitioner's application for relief from removal was pretermitted based on his November 20, 2018, conviction for possession of a controlled substance in the third degree.  (*Id.*; *see* Dkt. 3-2 at 25).  The IJ ordered Petitioner removed from the United States to Turks and Caicos.  (Dkt. 3-1 at ¶ 38).  On May 4, 2020, Petitioner filed the instant Petition.  (Dkt. 1).  On May 13, 2020, Petitioner filed an appeal of the IJ's order of removal to the Board of Immigration Appeals ("BIA").  (*Id.* at ¶ 39).  Based on the record before the Court, Petitioner's appeal remains pending before the BIA.[2]  (*Id.*).

---

[2]   In his Reply, Plaintiff indicates that he has an appeal of his final order of removal pending before the Second Circuit.  (Dkt. 5 at 5 ("Petitioner . . . is subject to mandatory detention while he awaits judicial review of his final order of removal from the Court of Appeals in [the] Second Circuit."), 11 ("Petitioner has a stay of removal from [the] court

Respondents submitted their answer on June 25, 2020 (Dkt. 3; Dkt. 4), and Petitioner replied on July 20, 2020 (Dkt. 5).

## DISCUSSION

### I. Jurisdiction

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases. *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases). District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider."). Therefore, to the extent that Petitioner asks this Court to stay his removal (*see* Dkt. 1 at 13-14), the Court lacks jurisdiction to consider that request.

---

of appeals pending judicial review.")). However, the Court could not confirm the appeal through a search of the Public Access to Court Electronic Records ("PACER") database.

## II.     Named Respondents

The Government contends that Jeffrey J. Searls, Officer in Charge of the BFDF, is the only respondent with immediate custody over Petitioner, and consequently the only proper respondent. (Dkt. 4 at 20-21). The Court agrees with the Government and dismisses all respondents except for Jeffrey Searls from the instant action. *See Rodriguez v. Barr*, No. 6:18-cv-06757-MAT, 2019 WL 2192516, at *3 n.3 (W.D.N.Y. May 21, 2019) ("Searls is the only proper respondent in this § 2241 proceeding as he is the person with direct control over Petitioner's detention." (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"))), *reconsideration denied*, 2019 WL 6037275 (W.D.N.Y. Nov. 14, 2019); *Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the 'immediate custodian,' generally the prison warden, to be named as a respondent in 'core' immigration habeas proceedings— *i.e.*, those challenging present physical confinement." (quotation omitted)); *see also S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 407 (S.D.N.Y. 2018) ("If, on the other hand, the petition challenges a broader form of legal, non-physical custody, then the proper respondent is the person with legal authority to effect that custody.").

**III.   Petitioner's Claims**

Petitioner challenges the constitutionality of his continued detention under § 1226(c). (Dkt. 1).[3] In particular, Petitioner contends that his detention violates his right to due process. Petitioner seeks immediate release or, in the alternative, a bond hearing. (*See id.* at 10-14). For the reasons that follow, the Court denies the Petition.

In prior decisions, this Court has set forth the history regarding the constitutionality of the mandatory detention provided for by § 1226(c), in the wake of the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), including the distinctions between substantive and procedural due process challenges, and it will not repeat that discussion here. *See, e.g., Ranchinskiy v. Barr*, 422 F. Supp. 3d 789, 793-94 (W.D.N.Y. 2019). Rather, the Court will turn directly to Petitioner's substantive and procedural due process challenges.

**A.   Substantive Due Process**

"[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings." *Doherty v. Thornburgh*, 943 F.2d 204, 209 (1991). "It is axiomatic, however, that an alien's right to be at liberty during the course of deportation proceedings is circumscribed by considerations of the national interest." *Id.* If the

---

[3]   Petitioner falls within the purview of § 1226(c) as he was ordered removed due to his November 20, 2018, conviction for possession of a controlled substance in the third degree. (Dkt. 3-1 at ¶ 38). Respondents agree that Petitioner has been accordingly held in detention throughout the pendency of his removal proceedings pursuant to § 1226(c). (*See* Dkt. 4 at 6 ("Petitioner . . . is detained under a mandatory detention statute . . . § 1226(c), pending the completion of his removal proceedings.")).

infringement on an alien's "liberty interest results from a proper exercise of discretion," then a prolonged detention "is not conduct that goes beyond the range of government activity permitted by the Constitution." *Id.* at 211. "[D]etention of an alien 'once removal is no longer reasonably foreseeable' . . . violates the Due Process Clause." *Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003). "[O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

In the instant matter, Petitioner has failed to demonstrate that his removal is not reasonably foreseeable. To the contrary, Petitioner would be removed if he withdrew his appeal of the IJ's decision presently before the BIA. Petitioner "may not rely on the extra time resulting" from his appeal "to claim that [his] prolonged detention violates substantive due process." *Doherty*, 943 F.2d at 211; *Thompson v. Lynch*, No. 16 CV 6608 (CJS), 2017 WL 344970, at *7 (W.D.N.Y. Jan. 24, 2017) ("Unless and until the circuit court vacates the removal order or otherwise rules in petitioner's favor on the petition for review, petitioner remains a criminal alien subject to removal and subject to lawful mandatory detention in DHS custody under the authority of the INA."). Accordingly, the Court denies the portion of the Petition that rests on substantive due process grounds as well as Petitioner's associated request for immediate release.

B. **Procedural Due Process**

For the reasons previously articulated in other decisions by this Court, *see, e.g., Ranchinskiy*, 422 F. Supp. 3d at 797; *Constant v. Barr*, 409 F. Supp. 3d 159, 167-68

(W.D.N.Y. 2019), this Court agrees with the overwhelming majority of courts in this Circuit that the multi-factor approach articulated by the court in *Sajous v. Decker*, No. 18-cv-2447 (AJN), 2018 WL 2357266, at *1 (S.D.N.Y. May 23, 2018), and other courts within this Circuit, is a useful tool for addressing procedural due process claims for aliens detained pursuant to § 1226(c) in the immigrant habeas context. Those factors are as follows:

> (1) the length of time the petitioner has been detained; (2) the party responsible for the delay; (3) whether the petitioner has asserted defenses to removal; (4) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (5) whether the detention facility is meaningfully different from a penal institution for criminal detention; (6) the nature of the crimes committed by the petitioner; and (7) whether the petitioner's detention is near conclusion.

*Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018). However, these factors cannot be applied in a rigid fashion, and each individual's detention circumstance must be evaluated on a case-by-case basis to determine whether it has become unreasonable or unjustified, consistent with the flexible nature of due process. *Jennings*, 138 S. Ct. at 852. The case-by-case approach is an "as-applied, fact-based analysis . . . derived from the Supreme Court's decisions in *Zadvydas* and *Demore*[.]" *Sajous*, 2018 WL 2357266, at *10.

In this case, Petitioner has been detained in immigration custody since March 18, 2019. (Dkt. 3-1 at ¶ 27). "[C]ourts in this Circuit have generally been skeptical of prolonged detention of removable immigrants, without process, lasting over six months," *Lett v. Decker*, 346 F. Supp. 3d 379, 387 (S.D.N.Y. 2018) (quoting *Lopez v. Sessions*, No. 18 Civ. 4189 (RWS), 2018 WL 2932726, at *14 (S.D.N.Y. June 12, 2018)), *appeal filed*, No. 18-3714 (2d Cir. Dec. 11, 2018), and "courts have found detention shorter than a year

to be unreasonably prolonged as part of procedural due process analysis," *Rosado Valerio v. Barr*, No. 19-CV-519, 2019 WL 3017412, at *4 (W.D.N.Y. July 10, 2019) (collecting cases), *appeal dismissed*, No. 19-2848, 2020 WL 1126526 (2d Cir. Jan. 9, 2020).

The record before the Court shows that Petitioner has been detained for roughly 16 months without receiving an individualized determination as to whether he should remain confined for the duration of his immigration proceedings, and that the initial determination he did receive did not provide him with meaningful process. Indeed, while the record before the Court shows Petitioner requested that an IJ review the initial custody determination (Dkt. 3-1 at ¶¶ 28-29), the record does not show that Petitioner ever received such review or that he had any opportunity to advocate for his release from custody while his immigration proceedings were ongoing. Accordingly, Petitioner's time in custody, along with the nature of his confinement in a facility that this Court has previously recognized as akin to at least a low-security penal institution for criminal detention, *Singh v. Barr*, No. 1:19-CV-01096 EAW, 2020 WL 1064848, at *10 (W.D.N.Y. Mar. 2, 2020), weighs in Petitioner's favor.

However, there are several additional factors that compel the Court to conclude that procedural due process does not mandate a bond hearing in this case. The Court agrees with Respondent's assessment that "Petitioner has caused significant delays in his removal proceedings." (Dkt. 4 at 18). Indeed, a substantial portion of the delay can be attributed to requests for adjournment made by Petitioner. (Dkt 3-1 at ¶¶ 10-13, 31, 32, 36; Dkt. 3-4 at ¶ 20). The proceedings were also delayed for more than two months because Petitioner's counsel failed to appear on multiple occasions. (Dkt. 3-1 at ¶¶ 33-34).

Moreover, Petitioner does not appear to have any legitimate defense to removal. Petitioner seeks cancellation of removal under section 240A(b)(1) of 8 U.S.C. § 1229b(b)(1). (Dkt. 3-2 at 25). However, the Court agrees with Respondent that this defense is highly unlikely to be successful because "as the IJ held, [Petitioner] is not eligible for cancellation of removal based on his 2018 conviction pursuant to PL § 220.16." (*Id.*). Although this Court has previously acknowledged that it need not inquire into the strength of a petitioner's defenses when weighing this factor, *see Singh*, 2020 WL 1064848, at *10; *Rodriguez-Figueroa v. Barr*, No. 6:19-CV-06366 EAW, 2020 WL 967486, *12 (W.D.N.Y. Feb. 28, 2020), in this case Petitioner's defense to removal appears patently insufficient on its face. 8 U.S.C. § 1229b(b)(1)(c) prohibits the cancellation of removal of aliens who have been convicted of certain offenses, including convictions for "an offense under [8 U.S.C.] § 1227(a)(2)." In turn, § 1227(a)(2)(B)(i) provides that "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance . . ., other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." As such, it seems apparent that the IJ correctly found that Petitioner's November 2018 conviction under N.Y. Penal Law § 220.16 for possession of a controlled substance in the third degree, rendered Petitioner ineligible for cancellation of removal under § 1229b(b)(1)(c). (*See* Dkt. 3-2 at 25); *see also Camara v. New York*, No. 11-CV-8235 (KMK), 2012 WL 3242697, at *4 n.7 (S.D.N.Y. Aug. 9, 2012) (finding that the petitioner's 2009 federal narcotics conviction rendered the petitioner ineligible for

cancellation of removal pursuant to § 1229b(b)(1)(c)).  This factor weighs strongly against Petitioner.

In addition, while the 16-month term that Petitioner has been detained in immigration custody is not insignificant, it does not approach the amount of time that he spent in prison for the crime that made him removable.  Petitioner was sentenced to a term of imprisonment of one year (time served) in 2017 (Dkt. 3-1 at ¶ 22), and three years in 2018 (*id.* at ¶ 26), a total of four years.  Moreover, Petitioner pleaded guilty to multiple drug-related criminal offenses, a majority of which occurred during the pendency of his removal proceedings.  (*See* Dkt. 3-1 at ¶¶ 8, 17, 22, 26).  *See Cabral*, 331 F. Supp. 3d at 263 ("Based on his multiple convictions, [the sixth] factor weighs in favor of the respondents.").  Further, in the event Petitioner ultimately files a petition for review in the Second Circuit, the nature of this case does not support the conclusion that such proceedings would be lengthy or complicated.

In sum, while the Court acknowledges that Petitioner has been in custody for roughly 16 months, and that "detention that has lasted longer than six months is more likely to be 'unreasonable,' and thus contrary to due process, than detention of less than six months," *Sajous*, 2018 WL 2357266, at *10 (collecting cases), under the particular facts of this case the Court concludes that due process does not mandate a bond hearing.  This is not to suggest that at some future point in time, with an even further amount of time spent in custody, that due process may not mandate a bond hearing—but based on the Court's analysis, that point has not yet been reached in this case.

## **CONCLUSION**

For the foregoing reasons, the Petition (Dkt. 1) is denied and dismissed. The Clerk of Court is instructed to close this case.

SO ORDERED.

                                                  ELIZABETH A. WOLFORD
                                                  United States District Judge

Dated:       August 3, 2020
                Rochester, New York